IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DDMS TECHNOLOGIES, L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0070 |
| | § | |
| ANACOMP, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the "New and Renewed Motion for Summary Judgment Based on New Evidence Obtained From Plaintiff DDMS Technologies, Inc. [*sic*]" ("Renewed Motion for Summary Judgment") [Doc. # 24] filed by Defendant Anacomp, Inc. ("Anacomp"), to which Plaintiff DDMS Technologies, L.L.C. ("DDMS") filed a Response [Doc. # 26]. Also pending is Anacomp's "Motion to Exclude Any Evidence Concerning Plaintiff DDMS Technologies, Inc.'s [*sic*] Alleged Out-Of-Pocket Damages" ("Motion to Exclude") [Doc. # 25], to which DDMS filed a Response [Doc. # 27]. Anacomp neither filed a reply in support of either motion nor requested an extension of time to do so. Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court **denies** both motions.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case was set forth fully in the Court's Memorandum and Order entered October 30, 2006 [Doc. # 23]. Briefly, Anacomp sought a contract with the City of Houston (the "City") to transfer some of the City's data to CD-ROMs and microfiche. As part of their bid for the contract, Anacomp submitted a letter of intent designating "Documentation Data Mngmt. Systems" as the required minority or woman-owned business enterprise ("MWBE") and specifying that Anacomp anticipated subcontracting to DDMS approximately 12% of the $600,000 contract, or $72,000 in expected value. The signature block for the MWBE subcontractor was left blank. Anacomp was awarded the four-year contract, which commenced on April 4, 2000. DDMS alleges that it entered into a written contract with Anacomp that contained terms similar to the letter of intent, that Anacomp did not intend to enter into a subcontract with DDMS as required by their written contract, and that Anacomp did not provide any work to DDMS during the four-year period covered by the contract with the City.

Plaintiff filed this lawsuit in state court on October 12, 2004, and Anacomp filed a timely Notice of Removal to this court. On September 6, 2006, prior to the close of discovery, Anacomp filed a Motion for Summary Judgment [Doc. # 14], which the

Court denied on October 30, 2006 [Doc. # 23]. One month later, on November 30, 2006, Anacomp filed the currently-pending motions.

## II.   RENEWED MOTION FOR SUMMARY JUDGMENT

### A.   Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). The Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

**B.     Statute of Limitations**

Anacomp again urges the Court to hold that DDMS's breach of contract and fraud claims are barred by the statute of limitations. Texas law imposes a four-year limitations period on fraud claims, beginning "the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4). Texas law similarly imposes a four-year statute of limitations on breach of contract claims, beginning when the contract is breached. *See Jones v. Blume*, 196 S.W.3d 440, 446 (Tex. App. – Dallas 2006) (citing *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002)). "A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Jones*, 196 S.W.3d at 446 (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)). The case was filed on October 12, 2004 and, therefore, the claims would be time-barred only if they accrued by October 12, 2000.

It is undisputed that Anacomp's contract with the City was for a period of four years. DDMS alleges, and has presented sworn evidence to show, that Anacomp was contractually required to subcontract work to DDMS during that four-year period. As of October 12, 2000, there remained approximately three and one-half years on Anacomp's contract with the City during which time Anacomp could have complied with its contractual obligation, if any, to subcontract work to DDMS. On that date,

even if DDMS had concerns that the subcontracted work was not forthcoming, facts had not yet come into existence that would allow DDMS to file a lawsuit asserting breach of contract or fraud. As a result, DDMS's fraud and breach of contract claims did not accrue by October 12, 2000, and Anacomp's Renewed Motion for Summary Judgment based on the statute of limitations is denied.

### C.   Existence of Valid, Enforceable, Written Contract

Anacomp argues that it is entitled to summary judgment on DDMS's breach of contract claim because there is no evidence of a valid, enforceable, written contract. Regarding the requirement for a written contract, DDMS has presented sworn evidence that it entered into a written, signed contract with Anacomp. Although DDMS's President Vijay Krishen used the word "proposal" at times during her deposition, she testified clearly and unequivocally that the subcontract would become effective if and when the City awarded Anacomp the primary contract, which occurred as of April 4, 2000. DDMS's evidence raises a genuine issue of material fact regarding the existence of a written contract.

Anacomp argues that DDMS did not accept Anacomp's offer of the subcontract and that there was no meeting of the minds. DDMS has presented evidence that it accepted Anacomp's offer for DDMS to perform work as the subcontractor in connection with Anacomp's contract with the City, and has presented evidence that it

entered into a written contract evidencing the offer, acceptance, and mutual assent. The evidence raises a genuine issue of material fact regarding whether the written contract, if any, was the result of a valid offer, acceptance, and mutual assent. As a result, Anacomp is not entitled to summary judgment on DDMS's breach of contract claim.

### D.      Fraud Claim - Intent to Deceive and Justifiable Reliance

Anacomp argues that it is entitled to summary judgment on DDMS's fraud claim because DDMS has not presented evidence of Anacomp's intent to deceive or of justifiable reliance on any allegedly fraudulent representations. Anacomp states correctly that a party's failure to perform, without more, does not establish an intent not to perform when the promise was made. *See Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 649 (Tex. App. – Houston [14th Dist.] 2003, *pet. denied*). In this case, however, DDMS has presented evidence of more than a simple failure to perform. Specifically, DDMS has presented evidence that Anacomp needed to obtain the agreement of a MWBE in order to obtain the contract with the City. DDMS has also presented sworn testimony that Anacomp, having obtained DDMS's signature on the subcontract, refused to provide DDMS with a copy. This evidence, viewed in the light most favorable to the non-moving party, shows an intent not to comply with the terms of the contract from the moment it was executed. Together with Anacomp's

subsequent failure to perform, a factfinder could conclude that Anacomp intended to deceive DDMS.

Anacomp argues that DDMS has not presented evidence of justifiable reliance. Anacomp notes specifically that DDMS rejected Anacomp's offer of the subcontract. As was discussed above, there exists a genuine issue of material fact regarding whether DDMS rejected Anacomp's offer. Anacomp also notes that DDMS admitted that by June 2000 it had concerns regarding Anacomp's intent to provide subcontract work to DDMS. Although these concerns may lead a factfinder to conclude that DDMS cannot recover for expenses incurred after June 2000 because they were not the result of justifiable reliance, a genuine issue of material fact exists regarding whether DDMS's reliance prior to that date was justifiable.

DDMS has presented evidence that raises a genuine issue of material fact regarding Anacomp's intent to deceive and its own justifiable reliance on Anacomp's allegedly fraudulent representations. As a result, Anacomp is not entitled to summary judgment on DDMS's fraud claim.

### III.   **MOTION TO EXCLUDE**

Anacomp moves to exclude any evidence of DDMS's out-of-pocket damages because they are not supported by documentary evidence. DDMS has provided sworn deposition testimony describing DDMS's out-of-pocket damages. That evidence, if

believed by the trier of fact, would support an award of those damages. As a result, exclusion of all evidence of out-of-pocket damages is inappropriate and Anacomp's Motion to Exclude is denied.[1]

## IV. CONCLUSION AND ORDER

DDMS's breach of contract and fraud claims are not barred by the four-year statute of limitations. There are genuine issues of material fact as to whether there was a valid, enforceable, written contract between the parties, and as to whether Anacomp made fraudulent representations with the intent to deceive DDMS and which caused DDMS to rely justifiably on those representations. As a result, it is hereby

**ORDERED** that the Renewed Motion for Summary Judgment [Doc. # 24] is **DENIED**. It is further

**ORDERED** that Anacomp's Motion to Exclude [Doc. # 25] is **DENIED**.

The case remains scheduled for docket call at **4:00 p.m. on Friday, February 16, 2007**. The parties are reminded that they are required to engage in mediation prior to docket call.

---

[1] To the extent DDMS has documentation of its out-of-pocket damages that it failed to produce during discovery, those unproduced documents will not be admitted into evidence during trial.

**SIGNED** at Houston, Texas, this **5th** day of **February, 2007**.

_____
Nancy F. Atlas
United States District Judge

P:\ORDERS\11-2006\0070MSJ2.wpd   070205.1710                     9

**SIGNED** at Houston, Texas, this **5th** day of **February, 2007**.

_____
Nancy F. Atlas
United States District Judge